IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TIMMY LYDELL DULWORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )  No. 18-1091-JDT-cgc |
| | ) |
| CHERRY LINDAMOOD, | ) |
| | ) |
| Defendant. | ) |

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*,
ASSESSING FILING FEE IN ACCORDANCE WITH PLRA AND
TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

On May 23, 2018, Plaintiff Timmy Lydell Dulworth, Tennessee Department of Correction prisoner number 117194, who is presently incarcerated at the South Central Correctional Facility (SCCF) in Clifton, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by*

---

[1] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires the Clerk to collect an administrative fee of $50 for filing any civil case. However, the additional $50 fee does not apply if a plaintiff is granted leave to proceed *in forma pauperis*.

*LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. In this case, Plaintiff has properly submitted an *in forma pauperis* affidavit and a certification of his inmate trust account, as required by 28 U.S.C. § 1915(a)(2). The motion to proceed *in forma pauperis* is GRANTED in accordance with the terms of the PLRA.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust account officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust account officer shall collect them and pay them directly to the Clerk of the Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the trust account officer is instructed to withdraw all of the funds in the Plaintiff's account and forward them to the Clerk of the Court.

On each occasion that funds are subsequently credited to Plaintiff's account the trust account officer shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's

account during the preceding month, but only when the amount in the account exceeds $10, until the $350 filing fee is paid. All payments shall be sent to:

> Clerk, United States District Court, Western District of Tennessee
> 111 S. Highland Ave., Rm. 262, Jackson, TN 38301

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust accounts at the Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the SCCF to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

Twenty-eight U.S.C. § 1391(b) authorizes the commencement of a civil action only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In this case, Plaintiff's complaint concerns events that occurred at the SCCF, and he sues SCCF Warden Cherry Lindamood. The case does not have any connection with this district. The allegedly unlawful acts are occurring at the SCCF in Clifton, Tennessee, which is in

Wayne County. Wayne County is part of the Columbia Division of the Middle District of Tennessee. 28 U.S.C. § 123(b)(3).

Twenty-eight U.S.C. § 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." This action should have been brought in the Middle District of Tennessee. Therefore, the case is hereby TRANSFERRED, pursuant to 28 U.S.C. § 1406(a), to the Columbia Division of the United States District Court for the Middle District of Tennessee.

The Clerk is directed to close this case without entry of judgment.

IT IS SO ORDERED.

                                               s/ **James D. Todd**
                                               JAMES D. TODD
                                               UNITED STATES DISTRICT JUDGE