**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **TIMMY LYDELL DULWORTH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 1:18-cv-00036** |
| | ) | |
| **CHERRY LINDAMOOD,** *et al.*, | ) | **JUDGE CAMPBELL** |
| | ) | **MAGISTRATE JUDGE** |
| **Defendants.** | ) | **FRENSLEY** |

**MEMORANDUM**

Plaintiffs Timmy Lydell Dulworth, Stephen Mayes, John Orr, James Norris, Andrew Sullivan, Roy Messer, Joshua Waller, James Johnson, Phillip Wheeler, and Floyd Parker  bring this pro se action under 42 U.S.C. § 1983 against Warden Cherry Lindamood, alleging violations of Plaintiffs' civil rights.  (Doc. No. 1).  Plaintiffs are all inmates of the South Central Correctional Facility (SCCF) in Clifton, Tennessee.   Plaintiff Dulworth also   filed a motion for class certification (Doc. No. 8) and a motion to appoint counsel (Doc. No. 9).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.      PLRA Screening Standard**

 Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id*. § 1915A(a), and

summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id*. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

A court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us

to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.      Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."   To state a claim under Section 1983, a plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**III.      Alleged Facts**

Plaintiffs are Mental Health Level of Care III inmates housed within the SCCF Facilities Supportive Living Unit (SLU).  The complaint alleges that the Warden houses mentally ill inmates with non-mentally ill inmates at the SCCF, creating dangerous situations for both mentally ill inmates and non-mentally ill inmates.  According to the complaint, this practice violates Tennessee Department of Correction (TDOC) policies.

Although SCCF's SLU Enterprise A is equipped with its own chow hall and kitchen, the Warden closed its chow hall and kitchen and ordered mentally ill inmates to eat with the general population inmates.  Plaintiff Dulworth, a mentally ill inmate of SCCF, alleges that, on November 22, 2017, he was subjected to "threats and mental [and] verbal abuse" from non-mentally ill inmates when they were permitted to eat with mentally-ill inmates.  (Doc. No. 1 at 4).

The complaint further alleges that mentally ill inmates should never have been housed with the general prison population, or made to interact with them, because of their mental illnesses. According to the complaint, Warden Lindamood subjected the mentally ill inmates to the "harsh realities" of general population and her actions amounted to deliberate indifference to the inmates' serious mental health needs. (Doc. No. 1 at 7). Plaintiff Dulworth filed a grievance about the Warden's actions but his grievance was denied by a supervisor.

## IV.    Analysis

Plaintiffs, mentally ill inmates of SCCF, assert that Defendant Warden Lindamood housed them with non-mentally ill inmates and this practice violates their due process and equal protection rights to separate housing of inmates with mental illness, violates the Eighth Amendment to the United States Constitution, and demonstrates deliberate indifference on the part of the Warden. (Doc. No. 1 at 5, 8).

### A.    Due Process Claims

The complaint alleges that the Warden's decision to house mentally ill inmates with non-mentally ill inmates, or to allow the two inmate groups to interact, violate Plaintiffs' due process rights.    However, "[a]bsent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed." *Settle v. Phillips*, No. 3:16-CV-250-RLJ-CCS, 2016 WL 3080810, at *5 (E.D. Tenn. May 31, 2016) (citing *LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013)). Plaintiffs have not alleged any facts to support a plausible inference that the Warden's decision regarding Plaintiffs' housing and cell movements violated their federal due process rights. *See Settle*, 2016 WL 3080810, at *5 (dismissing Section 1983 claims for failure to

state claims upon which relief can be granted where plaintiff, a mentally ill inmate, alleged that his constitutional rights were being violated by being housed with non-mentally ill inmates). These claims will be dismissed.

### B. Deliberate Indifference to Serious Mental Health Needs Claims

Neither does the complaint state viable claims based on the deliberate indifference to Plaintiffs' mental health needs. Failure to provide medical care, including mental health care, may give rise to a violation of a prisoner's rights under the Eighth Amendment. The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component. *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." *Id*. (quoting *Farmer*, 511 U.S. at 834). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id*.

Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. *Id*. at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and

constitutionalize claims that sound in state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that his health suffered as a consequence of such alleged denial. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999).

Here, the complaint alleges that Plaintiff Dulworth was verbally attacked by a non-mentally ill inmate with whom Dulworth came into contact due to Warden Lindamood's actions. The complaint further alleges that "this . . . depicts just one dangerous situation over many hundreds of situations over the course of three years that Warden Lindamood has or should have had knowledge that housing mentally ill inmates and non mentally ill inmates is unethical in the cross interaction . . . ." (Doc. No. 1 at 6). Dulworth does not associate the verbal attack with any failure to provide necessary mental health treatment. Instead, he claims he should not have been exposed to non-mentally ill inmates in the first place. However, his allegations do not establish that Defendant had actual knowledge that the inmate who verbally attacked Plaintiff posed a threat to him.[1] Plaintiff does not allege that he, or any of the other mentally ill inmates, have been altogether denied treatment for their mental illness. Plaintiffs simply dispute prison authorities' decision regarding where to house them.

Although the complaint alleges that Warden Lindamood subjected mentally ill inmates to the "harsh realities" of general population and her actions amounted to deliberate indifference to the inmates' serious mental health needs (Doc. No. 1 at 7), the complaint does not allege that

---

[1] Moreover, allegations of verbal harassment and threats are insufficient to state a claim under Section 1983. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (holding that verbal abuse does not qualify as punishment under the Eighth Amendment). Just as the Constitution "does not mandate comfortable prisons," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "it does not mandate polite prison guards." *Wingo v. Tenn. Dep't of Corr.*, No. 10-1259-JDT-egb, 2011 WL 13186535, at *4 (W.D. Tenn. Aug. 5, 2011).

Plaintiffs' mental health has deteriorated as a result of their living conditions. The Court finds that the allegations of the complaint do not establish a deprivation of Plaintiffs' Eight Amendment rights to mental health care. *See Nelson v. Deberry Special Needs Facility*, No. 3:12-cv-0795, 2012 WL 6628920, at \*\*2-3 (M.D. Tenn. Dec. 3, 2013) (dismissing Section 1983 claim as failing to establish a deprivation of plaintiff's constitutional rights where mentally ill inmate alleges he should never have been housed with the general population and doctor "knew the seriousness of his mental illness but allowed him to be subjected to these 'highly stressful living conditions[;]'" plaintiff failed to allege that his mental health had deteriorated in his complaint). These claims, too, will be dismissed.

### C.    Failure To Protect

To the extent that the complaint could be read to assert failure to protect claims under Section 1983, the Eighth Amendment to the United States Constitution requires officers to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984)). Although prison officials have a duty to protect prisoners from assault by other prisoners, the Supreme Court has recognized that jail and prison officials cannot be expected to prevent every assault before it occurs or to stop every assault in progress before injuries are inflicted. Thus, "a prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. That is, the inmate must show both that the risk of harm is sufficiently "serious," an objective inquiry, and that prison officials acted with "deliberate indifference" to inmate health or safety, a subjective inquiry. *Id*. at 837-38; *Helling v. McKinney*, 509 U.S. 25, 32 (1993). Thus,

"a prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Here, however, the complaint fails to allege that mentally ill inmates face a substantial risk of serious harm; the complaint alleges only they the inmates are exposed to the "harsh realities" of general population. The complaint necessarily, then, does not allege that any Defendant had prior knowledge that Plaintiffs were at a substantial risk of serious harm or that any Defendant acted with deliberate indifference to any such risk. *See id.* at 837-38 (the inmate must show both that the risk of harm is sufficiently "serious" and that the prison officials acted with "deliberate indifference" to inmate health or safety). There are no allegations that Plaintiffs have been physically or sexually assaulted, or fear that they will be, as a result of their living conditions and forced interaction with general population inmates. There are no allegations that Plaintiffs' mental health has deteriorated as a result of interacting with generally population inmates. Given the absence of such allegations, the complaint fails to state failure to protect claims under Section 1983 upon which relief may be granted, and any such claims will be dismissed.

### D. Equal Protection

The complaint also alleges that "Warden Lindamood assumes factual predicates for which [] she is not qualified to make, thus oversteps her seat of authority with obvious knowledge that such action violates T.D.O.C. policy number 113.87 in its entirety, to say nothing about due process and equal protection. . . ." (Doc. No. 1 at 7-8). "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Henry v. Metro. Sewer Dist.*, 922

F.2d 332, 341 (6th Cir. 1990), *abrogated in part on other grounds by King v. Harwood*, 853 F.3d 568, 580 n.4 (6th Cir. 2017). Here, the complaint fails to allege that Defendant treated mentally ill or disabled inmates differently than non-mentally ill inmates in any way or discriminated against these Plaintiffs because of their membership in a protected class. Neither does the complaint allege that Plaintiffs were denied access to programs or services on account of their mental health conditions or disabilities arising from those conditions. The crux of the complaint is that Plaintiffs, who are mentally ill inmates, do not want to be housed with, or forced to interact with, inmates who are not mentally ill. Such an allegation does not state an equal protection claim, and these claims will be dismissed.

### E.      Violation of TDOC Policies Claim

The complaint also alleges that Warden Lindamood's practice of housing mentally ill inmates with non-mentally ill inmates violates TDOC policies. However, alleged violations of TDOC policies are not actionable under Section 1983. *See Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (stating that, after *Sandin*, it became clear that mandatory language in prison regulations does not create a liberty interest protected by the due process clause); *Upshaw v. Jones*, No. 14-2534-JDT-tmp, 2015 WL 348626, at *4 (W.D. Tenn. Jan. 26, 2015); *Levine v. Torvik*, 986 F.2d 1505, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995). Consequently, the Court finds that the complaint fails to state Section 1983 claims arising from any Defendants' failure to follow TDOC policies.

## V.      Conclusion

Having screened the complaint pursuant to the PRLA, the Court finds that the complaint fails to state claims against Defendant under Section 1983 for which relief may be granted. 28

U.S.C. § 1915A. This case, therefore, will be dismissed. 28 U.S.C. § 1915(e)(2). Plaintiffs'

pending motions will be denied as moot.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE